DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant Wal-Mart Stores East, Inc., ("Wal-Mart") appeals the judgment of the Washington County Court of Common Pleas granting Defendant-Appellee Rug Doctor, Inc.'s ("Rug Doctor") motion for summary judgment. Wal-Mart contends genuine issues of material fact exist *Page 2 
regarding the cause of the hazard that caused Brenda Hickman to fall in its Marietta, Ohio, store. Because we find genuine issues of material fact exist as to the source of the hazard, we reverse the trial court's judgment and remand the matter for proceedings consistent with this opinion.
 I. Facts {¶ 2} The case sub judice arose from a slip and fall accident at the Wal-Mart store in Marietta, Ohio, on June 2, 2004. Brenda Hickman and her husband, Ronald Hickman, went to Wal-Mart that day in order to purchase a few household items. As they were exiting the store, bags in hand, Ms. Hickman fell on a clear, waxy substance on the floor. She testified that the substance on the floor felt like wax; she never saw anyone waxing the floor, however.
 {¶ 3} Immediately after she fell, Chris Jackson, the Wal-Mart store manager, came to the area where Ms. Hickman fell. Mr. Jackson testified that he found Ms. Hickman on the floor directly in front of the Rug Doctor display. At that point, Mr. Jackson noted that the substance on the floor was a clear, slick substance. In his testimony, Mr. Jackson compared the substance to Armor All. Mr. Jackson testified that he saw a Rug Doctor employee servicing Rug Doctor machines directly in front of the Rug Doctor display earlier in the day, and that the service technician did not have a pad *Page 3 
or any other preventative shield on the floor during the service to absorb any excess service products. During testimony, Mr. Jackson testified that he believed the substance on the floor was left there by the Rug Doctor service technician.
 {¶ 4} Earlier the day of Ms. Hickman's fall, John Derouaux, a Rug Doctor employee, was present at the Marietta Wal-Mart store servicing Rug Doctor Machines. Mr. Derouaux used a cleaning product called Rug Doctor Shine to clean the machines. Mr. Derouaux testified that Rug Doctor Shine is a product "that you shine like your car with," and when asked if it was like Armor All, he stated, "Armor All, yes, that is it." Mr. Derouaux serviced the machines on the tile floor directly in front of the racks where the machines are kept. Mr. Derouaux also testified that he did not spray any substance onto the machines as part of his service; he simply cleaned the outside of the machines by spraying Rug Doctor Shine onto a washcloth in a plastic bag, and then used the washcloth to wipe the machines.
 {¶ 5} Ronald Hickman, who witnessed his wife's accident, testified that Ms. Hickman slipped in a clear, slick substance on the floor. He placed his wife's fall as occurring near the restrooms in the front of the store. Just after Ms. Hickman fell, two unidentified female Wal-Mart employees informed Mr. Hickman that the substance on the floor was caused due to the *Page 4 
spilling of some floor stripper fluid or other such fluid used with the electric mop machine operated by a Wal-Mart employee. Said employees also told Mr. Hickman that there had been some attempt by Wal-Mart to clean the spill of floor stripper fluid, but that the attempt had been unsuccessful. A "wet floor" sign had been placed in the area, but a Wal-Mart employee who was going to the nearby water fountain kicked the sign out of the area.
 {¶ 6} Ms. Hickman filed a complaint against Wal-Mart and Rug Doctor in the Washington County Court of Common Pleas on November 19, 2005, alleging that both parties failed to exercise due care to protect her by failing to maintain the premises in a reasonably safe condition, failing to warn her of a dangerous condition, failing to inspect the premises, and failing to repair or remove dangerous conditions. Ms. Hickman demanded medical expenses for her injuries, as well as compensation for emotional distress, mental anguish, embarrassment, and pain and suffering. Both Wal-Mart and Rug Doctor filed timely answers to the complaint, and on January 9, 2006, Wal-Mart filed a cross-claim against Rug Doctor.
 {¶ 7} On February 15, 2007, Rug Doctor filed a motion for summary judgment. Both Wal-Mart and Ms. Hickman filed briefs in opposition to Rug Doctor's motion. On April 12, 2007, the trial court granted summary judgment in favor of Rug Doctor, holding that "absent an opinion based on *Page 5 
factual observation or of an expert, there is no evidence that Rug Doctor's machine had any connection to the substance that caused this slip and fall." Wal-Mart filed a motion for reconsideration on May 4, 2007, which the trial court denied. Wal-Mart now appeals from the trial court's decision, asserting the following assignment of error:
 II. Assignment of Error {¶ 8} 1. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON BEHALF OF THE CO-DEFENDANT, RUG DOCTOR, INC. AS GENUINE ISSUES OF MATERIAL FACT EXIST AS TO WHETHER THE RUG DOCTOR CREATED THE HAZARD THAT CAUSED THE PLAINTIFF TO FALL.
 III. Legal Analysis {¶ 9} In its sole assignment of error, Wal-Mart contends the trial court erred when it granted Rug Doctor's motion for summary judgment, as genuine issues of material fact exist as to whether Rug Doctor created the hazard that caused Ms. Hickman's injuries. In reviewing a decision on a motion for summary judgment, appellate courts review the judgment independently and without deference to the trial court's determination.Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988),42 Ohio App.3d 6, 8, 536 N.E.2d 411. Summary judgment is appropriate when the following have been established: (1) that there is no genuine issue as to any material fact, (2) that the moving party is entitled to judgment as a matter of *Page 6 
law, and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in its favor. Bostic v. Connor (1988),37 Ohio St.3d 144, 146, 524 N.E.2d 881; Civ.R. 56(C). The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting summary judgment. Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115, 526 N.E.2d 798. If the moving party satisfies this burden, "the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party."Kulch v. Structural Fibers, Inc. (1997), 78 Ohio St.3d 134, 145,677 N.E.2d 308, citing Dresher v. Burt (1996), 75 Ohio St.3d 280, 295,662 N.E.2d 264.
 {¶ 10} In the case at bar, we do not believe that Rug Doctor fulfilled its burden of demonstrating the absence of genuine issues of material fact. Instead, a review of the evidence Rug Doctor relied upon to support its motion for summary judgment shows that genuine issues of material fact remain for resolution. *Page 7 
 {¶ 11} Mr. Jackson, the Marietta Wal-Mart store manager, and Mr. Derouaux, the Rug Doctor service technician, along with Ronald Hickman, offered differing testimony as to the source of the hazard leading to Ms. Hickman's injury. While the trial court dismissed the testimony of Mr. Jackson as "conjecture," we note that "[a] lay witness may testify as to his opinion if it is based upon his perception and if it is helpful to the determination of a fact in issue." Louderback v.McDonald's Restaurant (July 27, 2005), Scioto App. No. 04CA2981,2005-Ohio 3926, at ¶ 29, citing Evans v. Armstrong Group (Sept. 23, 1999), Franklin App. No. 99AP-17, 1999 WL 739546.
 {¶ 12} As noted supra, Mr. Jackson inspected the area where Ms. Hickman fell, and in so doing, discovered a clear, slick substance on the floor. In his opinion, the substance was left by a Rug Doctor employee, namely, Mr. Derouaux, whom Mr. Jackson saw in the store earlier that day cleaning the Rug Doctor machines. Mr. Jackson's testimony was confirmed in part by the testimony of Mr. Derouaux, who testified he was in the store cleaning the machines on the day in question and that he was using a clear, slick substance similar to Armor All to clean the machines. This testimony creates an issue of genuine issue of material fact as to the creation of the hazard that caused Ms. Hickman's injury. *Page 8 
 {¶ 13} In Louderback, supra, the plaintiff slipped and fell in a McDonald's restaurant. The defendant moved for summary judgment on the basis the plaintiff had created the hazard. The trial court granted the defendant's motion for summary judgment. On appeal, this court reversed, finding that issues of material fact remained regarding the party responsible for the creation of the hazard. In reaching this decision, we cited evidence the defendant's employees were working with liquid cleaning supplies in the area where the plaintiff slipped. We noted:
 "* * *[A] reasonable inference exists that [plaintiff] created the hazard. The evidence shows that an employee was mopping within six to ten feet of the area where [the plaintiff] fell. [Plaintiff] stated that after his fall, the floor appeared to have been freshly mopped and his clothes were soaking wet. We do not find it unreasonable to infer that the nearby McDonald's employee had mopped the area where [the plaintiff] fell, and caused the floor to remain wet. While [the plaintiff] may not have direct evidence that [McDonald's] created the hazard, sufficient circumstantial evidence exists to create a genuine issue of material fact."
Louderback, supra, at ¶ 26. Many parallels can be drawn betweenLouderback and the case sub judice. As stated supra, Mr. Derouaux, a Rug Doctor employee, testified that he was in the Marietta Wal-Mart on the day of Ms. Hickman's fall, servicing a machine, using a clear liquid product, prior to the time when Ms. Hickman's injury occurred. As such, a reasonable inference can be drawn that Rug Doctor may have created the hazardous condition giving rise to Ms. Hickman's injury. *Page 9 
 {¶ 14} In our view, the trial court's decision granting Rug Doctor summary judgment was premature, as genuine issues of material fact existed regarding the creation of the hazard giving rise to Ms. Hickman's injury. Accordingly, we reverse its judgment and remand the matter for proceedings consistent with this opinion.
 JUDGMENT REVERSED AND CAUSE REMANDED. *Page 10 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment Only. Harsha, J.: Concurs in Judgment and Opinion. *Page 1